**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 99-7319**

_____

MAXIE ROBINSON,

Plaintiff - Appellant,

versus

ASSISTANT SUPERVISOR SUDDREATH; SERGEANT
CHALMERS; OFFICER GREEN; LIEUTENANT TURNER,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-99-425)

_____

Submitted: January 13, 2000      Decided: January 20, 2000

_____

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Maxie Robinson, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

   Maxie Robinson filed an untimely notice of appeal.  We dismiss the appeal for lack of jurisdiction.  The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).  Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders.  See Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

   The district court entered its order on August 17, 1999; Robinson's notice of appeal was filed on September 24, 1999. Robinson's failure to file a timely notice of appeal[*] or to obtain either an extension or a reopening of the appeal period leaves this court without jurisdiction to consider the merits of his appeal. We therefore dismiss the appeal.  Robinson's motion for appointment of counsel is denied.  We dispense with oral argument because the facts and legal contentions are adequately presented in the mate-

---

   [*] For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities.  See Houston v. Lack, 487 U.S. 266 (1988).

rials before the court and argument would not aid the decisional process.

DISMISSED